**CARTER CHEVROLET AGENCY, INC., Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

No. CIV–96–1673–C.

United States District Court, W.D. Oklahoma.

March 17, 1997.

Thomas J. Blalock, Shannon T. Self, Self Giddens & Lees, Oklahoma City, OK, David P. Hendel, Stephen B. Hurlbut, Wickwire, Gavin, PC, Vienna, VA, for Carter Chevrolet Agency Inc., an Oklahoma corporation, Plaintiff.

Robert A. Bradford, U.S. Attorney's Office, Oklahoma City, OK, for United States Postal Service, Defendant.

## ORDER

CAUTHRON, District Judge.

This matter comes before the Court on the motion of defendant United States Postal Service (USPS or Postal Service) to dismiss the claims of plaintiff Carter Chevrolet Agency, Inc. (Carter) pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated more fully below, defendant's motion is denied.

### I. Background

On September 27, 1996, plaintiff filed a complaint for declaratory and injunctive relief alleging that defendant USPS improperly awarded a contract for cargo vans to Ford Motor Company. Plaintiff contends that it should have received the contract because Ford submitted a bid including vans that did not meet USPS specifications or the specifications in the request for bids. Carter then filed a motion for preliminary injunction to prevent the consummation of the award to Ford while this action is pending. That motion was denied by the Court as Carter failed to make a showing of either irreparable injury or a likelihood of success on the merits. The present motion was filed contemporaneously with defendant's response to the motion for preliminary injunction.

### II. Discussion

■ Defendant's motion alleges that the Postal Reorganization Act withdrew the authority of federal courts to conduct judicial review of USPS procurement decisions. The motion relies entirely upon the decision of the United States District Court for the District of Columbia in *Concept Automation, Inc. v. United States Postal Serv.*, 887 F.Supp. 6 (D.D.C.1995). In that case, the court ruled that, contrary to the weight of authority, 39 U.S.C. § 410(a) specifically withdrew USPS procurement decisions from judicial review.

It is important to note at the outset that defendant does not challenge this Court's subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1), but is asserting by way of Rule 12(b)(6) that the Court's authority to review procurement decisions of the USPS was eliminated by the Postal Reorganization Act. Because the parties' positions regarding this matter mirror the only two opinions that have squarely addressed the issue, the Court will briefly outline those decisions.

The Court of Appeals for the Seventh Circuit has decided the leading case on this matter in *Peoples Gas, Light and Coke Co. v. United States Postal Serv.*, 658 F.2d 1182 (7th Cir.1981), where the court held that challenges to USPS procurement decisions based upon its own regulations were subject to judicial review. The decision in *Peoples Gas* was based upon a finding that USPS could not overcome the strong presumption that agency actions are reviewable without "clear and convincing evidence of a contrary legislative intent." *Id.* at 1190 (citations and internal quotations omitted). Although the decision in *Peoples Gas* did conclude that 39 U.S.C. § 410(a) prohibits application of the Administrative Procedure Act (APA) to postal procurement decisions, the court of appeals held that the APA was merely a restatement of the federal common law regarding judicial review. Therefore, it ruled that there was no clear expression of congressional intent to limit all avenues of judicial review by its removal of the APA from postal procurement actions. *Id.* at 1191. Without additional support from the text of section 410(a) or legislative history, the court then stated:

> The exemption of the Postal Service from all federal law dealing with public or federal contracts pertains only to the independent nature of the operations of the Postal Service under the Postal Reorganization Act. However, this general exemption does not reach the governmental limitations contained in the Postal Service's own regulations. We conclude that the exemptions found in section 410 of the Postal Reorganization Act do not manifest a congressional intent to foreclose all judicial review of alleged violations by the Postal Service's procurement regulations.

*Id.* at 1191.

In *Concept Automation*, the district court rejected outright the holding and reasoning

of the court of appeals in *People's Gas.* 887 F.Supp. at 9–10. Judge Jackson's opinion stated:

> Congress expressly exempted the Postal Service from the constraints of certain statutes affecting other federal agencies in their operations, including all 'federal laws dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds.' 39 U.S.C. § 410(a). Thus, from its inception, the USPS was relieved of any obligation to comply in its procurement decisions with such statutes as the Competition in Contracting Act, 31 U.S.C. §§ 3551–3556.

*Id.* The court found additional support for its holding from the Congressional intent that "in its purely business decisions, the Postal Service was to be left largely alone." *Id.* (citing *National Easter Seal Soc'y for Crippled Children and Adults v. Unites States Postal Serv.,* 656 F.2d 754 (D.C.Cir.1981)).

Although this short summary does not reflect all of the reasons either court cited in support of its decision, it does reveal the point of departure upon which the courts disagree—whether there is a clear expression of congressional intent that USPS procurement decisions be free from the burden of judicial review.

■■■ Under the APA, judicial review of an agency action is available unless specifically prohibited by statute or the agency's action is committed to agency discretion as a matter of law. *Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1572 (10th Cir. 1994). The statutory withdrawal of judicial review must be "express," and in the absence of such an express prohibition, "an agency bears a heavy burden in overcoming the presumption that Congress did not mean to prohibit all judicial review." *Thomas Brooks Chartered v. Burnett,* 920 F.2d 634, 641 (10th Cir.1990) (citing *Sierra Club v. Hodel,* 848 F.2d 1068, 1075 (10th Cir.1988)). In fact, "only upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." *Peoples Gas,* 658 F.2d at 1190 (quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d

681 (1967); *Rusk v. Cort,* 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962)).

Although a number of courts have found that a nonstatutory right of judicial review exists outside the APA, *see, e.g., Peoples Gas,* 658 F.2d at 1191; *Nat'l Ass'n of Postal Supervisors v. United States Postal Service,* 602 F.2d 420, 429–33 (D.C.Cir.1979); *Village of Palatine v. United States Postal Serv.,* 742 F.Supp. 1377, 1381 (N.D.Ill.1990); *Lutz v. United States Postal Serv.,* 538 F.Supp. 1129, 1133–34 (E.D.N.Y.1982); *Withers v. United States Postal Serv.,* 417 F.Supp. 1, 3 (W.D.Mo.1976); *Burns v. United States Postal Serv.,* 380 F.Supp. 623, 626–27 (S.D.N.Y.1974), the Court finds it unnecessary in the present action to determine whether common law judicial review principles survived the enactment of the APA. To determine whether Congress intended to preclude judicial review, the Court looks first to the statute itself. Section 410(a) states:

> Except as otherwise provided by subsection (b) of this section, and except as otherwise provided in this title or insofar as such laws *remain in force as rules or regulations of the Postal Service,* no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds, including the provisions of chapters 5 and 7 of title 5, shall apply to the exercise of powers of the Postal Service.

(emphasis added).

■■■ The courts previously addressing this statute only find meaning in its language after the second comma. However, it is abundantly clear that the exemption from title 5, the APA, only applies where the Postal Service has not preserved the prior law in "rules or regulations." Even if one were to question this interpretation, the statute's exception for laws that "remain in force as rules or regulations" certainly makes it uncertain whether Congress intended to exempt the Postal Service from judicial review when it is acting subject to rules and regulations of its own creation. In the present action, Carter's complaint alleges that the Postal Service violated its own procurement manual. This manual is incorporated by reference into the Code of Federal Regulations,

39 C.F.R. § 601.100, and on numerous occasions has been held to have the force and effect of law. *Modern Systems Technology v. United States,* 979 F.2d 200, 202 (Fed.Cir. 1992); *De Matteo Constr. Co. v. United States,* 220 Ct.Cl. 579, 600 F.2d 1384 (1979); *Florida Dep't of Ins. v. United States,* 33 Fed. Cl. 188, 191 (1995), *aff'd,* 81 F.3d 1093 (Fed.Cir.1996). Therefore, the Court finds that the Postal Service has not made a showing by "clear and convincing evidence" that Congress intended to exempt postal procurement actions from judicial review when those actions are covered by a USPS regulation. If the Postal Service may legally withdraw all of its regulations, its procurement decisions may then be free from judicial interference. Until it does so, the Court agrees with the statement of another federal district court that "courts may nevertheless apply the statute's (APA's) standards of review when litigants complain that the agency violated its own regulations." *Village of Palatine,* 742 F.Supp. at 1381.

Moreover, this result is consistent with the legislative history cited in *Concept Automation.* There, the court noted that Congress intended that "in its purely business decisions, the Postal Service was to be left largely alone." 887 F.Supp. at 10. The Court agrees that when the USPS acts as a private entity, it is exempt from those laws such as the Competition in Contracting Act, but when the USPS engages in activities as a government entity such as promulgating legally effective rules and regulations to govern its conduct, it should not be shielded by section 410(a).

### III. *Conclusion*

Based upon the foregoing analysis, the Court finds that plaintiff's claims are not shielded from judicial review by 39 U.S.C. § 410(a). Therefore, defendant's motion to dismiss is denied.